IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| Jennifer Knight, | : | Case No. 2:22-cv-03036 |
| Plaintiff, | : | Judge Morrison |
| v. | : | |
| City of Columbus, et al., | : | |
| Defendants, | : | |

**<u>AGREED ORDER TO A PRELIMINARY INJUNCTION</u>**

The Parties agree and stipulate, as follows:

1. Plaintiff filed suit on August 5, 2022, via a verified Complaint [Doc. #1].

2. Plaintiff's Counsel sent to Defendants' Counsel a Motion for a Temporary Restraining Order and Preliminary Injunction on August 10, 2022, prior to filing same with the Court.

3. Pursuant to the City of Columbus' Drug-Free Workplace Policy, urine collection is achieved in two distinct manners: "Direct Observed Collection"[1] and "Monitored Collection."[2]

---

[1] "Direct Observed Collection" is when a collector at a test site watches the employee urinate into a collection container and checks for prosthetic or other devices designed to carry "clean" urine or urine substitutes in accordance with federal standards. If the collector is not the observer, the collector must instruct the observer about the appropriate procedures for observing the employee in accordance with federal standards. The observer must be the same gender as the employee's identified gender. Drug-Free Workplace Policy, Revised 4/15/19, PO4-11.

[2] "Monitored Collection" is when a monitor accompanies the donor into the restroom and secures the restroom to ensure that no one else can enter during the collection process. The monitor remains in the restroom, but outside the stall, while the donor is providing the specimen. Drug-Free Workplace Policy, Revised 4/15/19, PO4-11.

4. The Court considers four factors in determining whether a temporary restraining order or preliminary injunction should issue: (1) whether the moving party has shown a likelihood of success on the merits; (2) whether the moving party will be irreparably injured absent an injunction; (3) whether issuing an injunction will harm other parties to the litigation; and (4) whether an injunction is in the public interest. *Nken v. Holder*, 556 U.S. 418, 434 (2009). In constitutional cases, the first factor is typically dispositive. *Roberts v. Neace*, 958 F.3d 409, 416 (6th Cir. 2020) (order) (per curiam).

5. Pursuant to FRCP 65, and the agreement of the parties, and for the reasons set forth herein, this Agreed Preliminary Injunction is hereby proper and is entered.

6. Plaintiff and Defendants agree that Defendants are hereby ENJOINED as follows: Defendants will cease collecting samples of Plaintiff's urine for the three (3) remaining unannounced follow-up alcohol and/or drug tests through Direct Observation collection. Urine samples for the three (3) remaining unannounced follow-up tests will instead be collected through Monitored Collection. Defendants reserve their right to subject Plaintiff to Direct Observation collection for all other reasons permitted under the provisions of the City of Columbus' Drug-Free Workplace Policy, as directed by the Police Management Compensation Plan, and/or as required pursuant to any other applicable City/Division policy or guideline, and Plaintiff, through entry of this order, waives no right to challenge any particular instance of Direct Observation collection.

7. This Order shall be binding upon Defendants, as well as their officers, agents, servants, employees, and attorneys, other persons who are in active concert or participation with anyone described in FRCP 65(d)(2)(A) or (B).

8. No bond or security need be filed under FRCP 65(c).

IT IS SO ORDERED:

_____
Judge Morrison
Have seen and agree:


| | |
|---|---|
| */s/Zachary Gottesman* | */s/Susan Williams* |
| Zachary Gottesman (0058675) | Susan Williams (0073375) |
| *Counsel for Plaintiff* | Paul Bernhart (0079543) |
| | Assistant City Attorneys |
| | *Counsel for Defendants* |